AIRPORT SYSTEM CAUSE NO.: _____

| | | |
|---|---|---|
| JANICE KRAUSE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| CITY OF HOUSTON, HOUSTON | § | |
| AIRPORT SYSTEM | § | |
| | § | HARRIS COUNTY, TEXAS |
| **Defendant.** | § | |

## PLAINTIFF JANICE KRAUSE'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff JANICE KRAUSE ("Plaintiff") files this Original Petition against Defendant CITY OF HOUSTON, HOUSTON AIRPORT SYSTEM ("Defendant" or "HAS") and alleges as follows:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct Discovery under Level Two, as described in Rule 190.3 of the Texas Rules of Civil Procedure. However, Plaintiff reserves the right to move this Court to enter a discovery control plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

2.     Plaintiff JANICE KRAUSE is a citizen of the State of Texas, and resides in Montgomery County, Texas.

3.     Defendant CITY OF HOUSTON is a municipality of the State of Texas that regularly conducts business in Houston, Harris County, Texas. The HOUSTON AIRPORT SYSTEM is a department of the City of Houston. Defendant may be served with process by serving the City

**PLAINTIFF JANICE KRAUSE'S ORIGINAL PETITION**                    1

Exhibit D

Secretary at 900 Bagby, 4th Floor, Houston, Texas.

4.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant.

### III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action, as this case arises under provisions within the Americans With Disabilities Act of 1990, as amended ("ADA/ADAAA") 42 USC §§ 12102 et seq.; and the Texas Commission on Human Rights Act ("TCHRA") Tex. Lab. Code § 21.001 et seq. Damages are within the jurisdictional requirements of this Court and will continue to increase as this case proceeds to trial.  Moreover, venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code § 15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

### IV.     NATURE OF THE ACTION

6.     This is an action brought pursuant to the Americans with Disabilities Act of 1990, ("ADA/ADAAA") 42 USC §§ 12102 et seq., and the Texas Commission on Human Rights Act ("TCHRA"), as Defendant discriminated against Plaintiff and failed to accommodate her based on her disabilities.

### V.     FACTUAL BACKGROUND

7.     Ms. Krause started working for HAS on November 1, 1994.  She has worked as a Parking Cashier and then a Senior Clerk. Currently, she is a Customer Service Clerk.

8.     Ms. Krause is afflicted with the following disabilities: arthritis, lupus (muscles and joints), leukemia, colon cancer, and stroke-resulting conditions.

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 2 of 9

Exhibit D

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 3 of 9

9. Ms. Krause's employment issues began with her supervisor, Marilyn Ross, who failed to take her disability restrictions into consideration and discriminated against her based on her disabilities.

10. On or about August 24, 2016, Ms. Krause revealed her medical disabilities to Ms. Ross. Specifically, Ms. Krause explained to Ms. Ross that she physically could not do any heavy lifting, to which Ms. Ross responded, "I know that." Thus, Ms. Ross acknowledged that Ms. Krause was afflicted with the aforementioned disabilities.

11. Notwithstanding Ms. Krause's disabilities, Ms. Ross told Ms. Krause that it should be her own responsibility to be accommodated with her lifting duties. In sum, instead of accommodating Ms. Krause, Ms. Ross stated that it was Ms. Krause's own responsibility to ensure she received her accommodation by requesting help from her coworkers. Thus Ms. Krause was in effect told to accommodate herself.

12. Nevertheless, Ms. Ross forced Ms. Krause to serve as the same "required help" for other employees who needed assistance—an accommodation denied to Ms. Krause.

13. Moreover, Ms. Ross openly discussed Ms. Krause's medical disability in front of other employees.

14. On or about August 30, 2016, Ms. Ross complained to Ms. Krause that her own perception of this disability situation was "totally, totally out of this world." Moreover, Ms. Ross stated that she was refusing to accommodate Ms. Krause and forced Ms. Krause to archive or lift items. For instance, Ms. Ross made Ms. Krause the primary archiver which required her to lift boxes which weighed more than 20 lbs. This was against Ms. Krause's doctor's restriction not to lift more than 20 lbs.

**PLAINTIFF JANICE KRAUSE'S ORIGINAL PETITION** 3

Exhibit D

15. About September 1, 2016, Ms. Ross stated to Ms. Krause, "I'm gonna get you." Ms. Krause took this interaction to be a verbal threat based on her disability and request for accommodations. Ms. Ross told Ms. Krause's co-workers, Saly Thomas and Tracey Bush, that Ms. Krause was, "using her disability as an excuse." Ms. Ross thus violated the ADA and HIPAA by disclosing Ms. Krause's disability to an employee other than her supervisors.

16. On September 8, 2016, Ms. Krause had a conversation with Assistant Director and HRBP Manager Jocelyn Labove and raised her concerns about the discriminatory behavior from Ms. Ross. Ms. Krause also submitted a complaint to the City of Houston Office of Inspector General ("the OIG") about the discrimination and hostile work environment from Ms. Ross. HAS gave Ms. Krause the option to be transferred to another department while the OIG conducted its investigation, presumably for two or three months. Ms. Krause chose the Supply Chain Management department with Devon Tiner as a temporary placement. HR never discussed with Ms. Krause, and it was never understood, that this move would be permanent.

17. On September 19, 2016, Ms. Krause was transferred to Supply Chain Management. Susan Ackerson became her Manager. On October 6, 2016, Ms. Krause filed a Charge of Discrimination with the EEOC.

18. On December 9, 2016, Ms. Krause had a meeting with Ms. Ross, Jocelyn Labove, Shanna Epps and Judy Taub. At the meeting, Ms. Krause accepted the plan for her to use a weighing scale in order to make sure she did not lift anything heavier than 20 lbs. Ms. Krause also mentioned that the special cordless mouse and keyboard that she was using had been taken away. The special mouse and keyboard were an accommodation for Ms. Krause's hand disability. The mouse and keyboard had been taken away and given to Ms. Thomas, under Ms.

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 4 of 9

Exhibit D

Ross's instructions. Ms. Thomas does not need a special mouse and keyboard. Ms. Ross ignored Ms. Krause's complaint about the special mouse and keyboard being taken away and laughed.

19.     On January 31, 2017, the OIG notified Ms. Krause that after their investigation, they found no reason to sustain Ms. Krause's complaint.

20.     On March 2, 2017, the Supply Chain Management Department staff was informed that Justina Mann would become the Assistant Director. On April 5, 2017, Ms. Ackerson informed Ms. Krause that she would be sitting at the front desk all day and that other employees would have to relieve her in order for her to take her lunch and other breaks. Before this date, Ms. Krause would rotate front desk duties with other employees. Ms. Krause asked Ms. Ackerson if she could split the day with Administrative Aide Sally Yost. On April 6, 2017, Ms. Ackerson told Ms. Krause that Ms. Mann had said no to her request to rotate with Ms. Yost. At that time Ms. Krause also learned that he front desk would be her permanent area for work.

21.     At this position Ms. Krause's co-workers made it very difficult for Ms. Krause to take her breaks. HAS also began to lock the handicapped bathroom, which Ms. Krause was using. Soon after, Ms. Ackerson told Ms. Krause that effective April 10, 2017, her shift would change to 7:30 a.m. until 4:30 p.m.

22.     On April 7, 2017, Ms. Krause spoke with Ms. Ackerson about a meeting she had scheduled for upstairs. Ms. Krause reminded Ms. Ackerson that she could not climb stairs. This was never an issue before, as Ms. Ackerson was willing to accommodate her; however this time Ms. Ackerson asked her what her condition was and then told Ms. Krause to bring her a doctor's note. Ms. Krause sent her a doctor's note on April 10, 2017.

23.     On May 3, 2017, Ms. Krause was at the front desk and had to bend over to pick up something she dropped. Ms. Mann was walking around the corner and commented, "I see your

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 5 of 9

Exhibit D

backside." Ms. Mann then went to her office and told Alisha Miles and they laughed loudly about this rude comment within Ms. Krause's earshot.

24.    During this time period Ms. Krause had much difficulty when she needed relief to take her breaks. This was unreasonable because Ms. Krause should not have had to keep calling to see who would relieve her for her breaks. Furthermore, Ms. Ackerson would give Ms. Krause the run around every time Ms. Krause requested vacation or time off.

25.    On September 26, 2017, Ms. Mann called the front desk. Since this was an internal call, Ms. Krause answered by saying hello. Ms. Mann asked, "Is this any way to answer the phone?? Ms. Krause replied, "Yes." Ms. Mann said, "No, it's not." The next day, Ms. Krause complained Chief HR Officer Harleen Hines Smith about the incident. Ms. Mann was harassing Ms. Krause and causing a hostile work environment for her.

26.    On December 8, 2017, Ms. Krause requested a reasonable accommodation from HAS to be transferred from her position as Customer Service Clerk to a similar position with equal pay. The on-going stress at work was exacerbating her high blood pressure, which put her at risk of having a stroke. HAS neither responded to the request nor engaged in the interactive process required by the ADA.

27.    Ms. Krause was consistently asked to do work outside of her job duties; she was not allowed to take breaks; she was transferred to a different position; her supervisors and coworkers talked derisively about and to her, her confidential medical information was exposed to other employees and she was not allowed reasonable accommodations.

28.    On June 13, 2018, Ms. Krause was issued a Notice of Right to Sue by the EEOC.

## VI.    <u>CAUSE OF ACTION</u>

**DISCRIMINATION,    FAILURE    TO    ACCOMMODATE    AND INTERFERENCE UNDER THE ADA AND THE TCHRA**

PLAINTIFF JANICE KRAUSE'S ORIGINAL PETITION                                    6

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 6 of 9

Exhibit D

29.     The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

30.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.  Accordingly, Plaintiff alleges that:

    a.    Plaintiff has an actual disability (as stated in detail above)

    b.   Plaintiff was qualified for her position,

    c.   Defendant treated Plaintiff differently than others similarly situated because of Plaintiff's Disability in violation of the ADA and the TCHRA.

31.     Plaintiff, a qualified individual with a disability, also alleges that Defendant was aware of her disability and its consequential limitations and failed to make reasonable accommodations for such known limitations in violation of the ADA and TCHRA. Plaintiff notified Defendant of her disability personally, which means Defendant had knowledge of Plaintiff's disability.

32.     Defendant additionally did not engage in the interactive process with Plaintiff and failed to reasonably accommodate her.

## VII.  <u>DAMAGES</u>

33.  As a result of Defendant's actions and or omissions described above, Plaintiff sustained the following damages:

    a.    Actual damages, including (but not limited to) economic damages (such as past pecuniary losses and future pecuniary losses) and mental anguish damages (pursuant to Texas Labor Code § 451.002(a));

    b.    Exemplary damages (pursuant to Texas Labor Code § 451.002(a));

    c.    Reinstatement to Plaintiff's former employment position with Defendant (pursuant to Texas Labor Code § 451.002(b));

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 7 of 9

Exhibit D

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 8 of 9

d.     Injunctive relief to restrain violations of the Texas Labor Code § 451.001 (pursuant to Texas Labor Code § 451.003);

e.     Attorneys' fees;

f.     Costs incurred as a result of this lawsuit;

g.     Pre-judgment interest;

h.     Post-judgment interest; and

i.     All other relief to which Plaintiff is entitled.

34.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary relief over $200,000.00, but not more than $1,000,000.00, as well as non-monetary relief. Among the relief Plaintiff is seeking includes (but is not limited to) attorneys' fees, costs, pre-judgment interest, and post-judgment. Plaintiff also seeks a demand for judgment for all the other relief to which Plaintiff deems herself entitled. The damages being sought by Plaintiff are within the jurisdictional limits of the court. Plaintiff further requests that the non-expedited rules apply in this case.

## VIII.  JURY DEMAND

35.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.     REQUEST FOR DISCLOSURE

36.     Under Rule 194 of the Texas Rule of Civil Procedure, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, For the reasons set forth above, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a

**PLAINTIFF JANICE KRAUSE'S ORIGINAL PETITION**                                                    8

Exhibit D

final hearing of the cause, judgment be entered for Plaintiff against Defendant for all damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, attorneys' fees, court costs, and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,

kennard
miller
hernandez P.C.

_____

Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, TX 77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657068 - Page 9 of 9

Exhibit D



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 22, 2018

Certified Document Number:        81657068 Total Pages:  9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit D

9/11/2018 6:59:12 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 27438458
By: MOMON, RHONDA M
Filed: 9/11/2018 6:59:12 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED Janice Krause vs. City of Houston, Houston Airport System
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Alfonso Kennard, Jr. **Email:** filings.kennard@kennardlaw.com **Address:** 2603 Augusta Dr., Ste. 1450 **Telephone:** (713) 742-0900 **City/State/Zip:** Houston, Texas 77057 **Fax:** (713) 742-0951 **Signature:** /s/Alfonso Kenanrd,Jr. **State Bar No:** 24036888 | Plaintiff(s)/Petitioner(s): JANICE KRAUSE ......... ......... Defendant(s)/Respondent(s): CITY OF HOUSTON, HOUSTON AIRPORT SYSTEM ......... ......... [Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ Additional Parties in Child Support Case: Custodial Parent: _____ Non-Custodial Parent: _____ Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: ........ ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☐Other Injury or Damage: ........ | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: ........ **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: ........ | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: ........ | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: ........ |
| **Employment** | **Other Civil** | | | |
| ☒Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: ....... | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: ........ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: ........ | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

Exhibit D

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657069 - Page 2 of 2

Exhibit D



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2018

Certified Document Number:        81657069 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit D

9/11/2018 6:59:12 PM
**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 27438458**
**By: MOMON, RHONDA M**
**Filed: 9/11/2018 6:59:12 PM**

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition

FILE DATE OF MOTION: _____ September 11, 2018 _____
                              Month/      Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: CITY OF HOUSTON, HOUSTON AIRPORT SYSTEM

   ADDRESS: _____

   AGENT, (if applicable): City Secretary at 900 Bagby, 4th Floor, Houston, Texas.

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☒ CIVIL PROCESS SERVER – Authorized Person to Pick-up: Kim Tindall & Associates   Phone: 210-641-3163
   ☐ MAIL                                ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
        Type of Publication:  ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

*******************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER – Authorized Person to Pick-up: _____   Phone: _____
   ☐ MAIL                                ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
        Type of Publication:  ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Alfonso Kennard, Jr.                    TEXAS BAR NO./ID NO.  24036888

MAILING ADDRESS: 2603 Augusta Drive, Suite 1450 Houston, Texas 77057

PHONE NUMBER: 713   742-0900                   FAX NUMBER: 713   742-0951
              area code   phone number                     area code   fax number

EMAIL ADDRESS: filings@kennardlaw.com

For Official Governmental Use Only - Do Not Disseminate to the Public: 81657070 – Page 1 of 1

CIV200 Revised 8/1/00

Exhibit D



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2018

Certified Document Number:        81657070 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit D



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

CAUSE NUMBER: _2018 - 62173_

ATY _____    CIV _X_    COURT _269th_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: _Kennard, Alfonso_    PH: _(713) - 742 - 0900_ |
| *CIVIL PROCESS SERVER: _Kim Tindall & Associates_ |
| *PH: _210 - 641 - 3163_ |
| *PERSON NOTIFIED SVC READY: _Karen_ |
| * NOTIFIED BY: **Shirley Bates** |
| DATE: _9-24-2018_ |

| Type of Service Document: _CIT_ | Tracking Number _73538964_ |
|---|---|
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |

Process papers prepared by: **Rhonda Momon**

Date: _Sept. 21,_ **2018**    30 days waiting _10 - 21_ -2018

| *Process papers released to: _Gary Staley S_ |
|---|
| (PRINT NAME) |
| *(CONTACT NUMBER) _281 216 6734_    (SIGNATURE) |
| *Process papers released by: _A Sala_ |
| (PRINT NAME) |
| _AS._ |
| (SIGNATURE) |
| * Date: _9/27_ ,2018    Time: _2:28_ AM /PM |

For Official Governmental Use Only - Do Not Disseminate to the Public: 81940383 - Page 1 of 1

Exhibit D



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this  October 22, 2018

Certified Document Number:  81940383 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit D

CAUSE NO. 201862173

RECEIPT NO.                    0.00      CIV
          *********                TR # 73538954

PLAINTIFF: KRAUSE, JANICE

vs.

DEFENDANT: CITY OF HOUSTON HOUSTON AIRPORT SYSTEM

In The  269th
Judicial District Court
of Harris County, Texas
269TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

**AFFIDAVIT ATTACHED**

TO: CITY OF HOUSTON HOUSTON AIRPORT SYSTEM
    MAY BE SERVED BY SERVING THE CITY SECRETARY
    900 BAGBY 4TH FLOOR   HOUSTON TX

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of September, 2018, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 21st day of September, 2018, under my hand and seal of said Court.

Issued at request of:
KENNARD, ALFONSO JR.
2603 AUGUSTA DRIVE SUITE 1450
HOUSTON, TX 77057
Tel: (713) 742-0900
Bar No.: 24036888

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MOMON, RHONDA  HWP//11042927

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 135

                                                _____ of _____ County, Texas

                                                By _____
_____                                    Deputy
      Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                _____
                                                        Notary Public

N.INT.CITR.P                    *73538954*

For Official Governmental Use Only - Do Not Disseminate to the Public: 82146343 - Page 1 of 2

Exhibit D

## AFFIDAVIT OF SERVICE

Case Number: 2018-62173

Plaintiff:
**Janice Krause**

vs.

Defendant:
**City of Houston, Houston Airport System**

For:
Alfonso Kennard, Jr. - NEW
Kennard Miller Hemandez, P.C.
2603 Augusta Drive
14th Floor
Houston, TX 77057

Received by Kim Tindall & Associates Inc. to be served on **Houston Airport System by serving the City Secretary, 900 Bagby, 4th Floor, Houston, Harris County, TX 77002.**

I, Gary Hodges, being duly sworn, depose and say that on the **27th day of September, 2018 at 4:18 pm, I:**

**EXECUTED** by delivering to, Houston Airport System, a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Carrie Roberts** , **Admin Assistant** at the address of: **900 Bagby, 4th Floor, Houston, Harris County, TX 77002**, who is authorized to accept service for **Houston Airport System.**

**Description of Person Served:** Age: 50s, Sex: F, Race/Skin Color: Black, Height: 5'4", Weight: 160, Hair: Black, Glasses: Y

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF _Texas_

Subscribed and Sworn to before me on
the _1st_ day of _October_ , _2018_
by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
Gary Hodges
PSC-10081 Exp: 12/31/2018

**Kim Tindall & Associates Inc.**
16414 San Pedro Suite 900
San Antonio, TX 78232
(210) 697-3400

Our Job Serial Number: KTA-2018001858

DANIELLE SOWELL
Notary Public, State of Texas
Comm. Expires 10-21-2018
Notary ID 128420145

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2h

KTA2018001858

Governmental Use Only - Do Not Disseminate to the Public: 82146343 - Page 2 of 2

Exhibit D



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 22, 2018

Certified Document Number:        82146343 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit D